[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This petition for a writ of habeas corpus was filed by the petitioner on April 27, 1995. A second amended petition was filed on November 6, 1997. The petitioner is presently in the custody of the Commissioner of Correction serving a controlling total effective sentence of six years as a result of a modification of sentence ordered by the Honorable Terence A. Sullivan on October 5, 1995. Respondent's Exhibit H.
The court makes the following findings of fact and conclusions of law. On October 17, 1990 the petitioner was sentenced to serve a five and one-half year sentence for robbery in the second degree. On December 10, 1992 the petitioner was sentenced to serve a four year sentence for robbery in the first degree to run consecutively to the sentence imposed on October 17, 1990. The estimated release date on these sentences was November of 1999. On April 23, 1993 the petitioner plead guilty and received an effective sentence of nine years which moved his estimated date of release to sometime in the year 2002. Respondent's Exhibit E, F, and G. On October 5, 1995, pursuant to a modification of sentence, the petitioner's nine year sentence was reduced to six years thereby restoring the previous effective release date of November, 1999. Due to certain conduct of the petitioner while incarcerated he was placed in administrative segregation in December of 1992. From the time of his placement CT Page 230 into administrative segregation until July 6, 1994 the petitioner earned good time credits and they, in fact, were credited to him by the Department of Correction. From July 6, 1994, and continuing throughout the time the petitioner remained in administrative segregation, the petitioner did not earn nor was he credited with good time. This was a result of a change in the Department of Correction's policies as reflected in Administrative Directive 9.4 modified effective July 6, 1994. That modified directive provided that an inmate shall not be allowed statutory good time while on administrative segregation.
This petition does not challenge any aspect of the hearing resulting in his placement into administrative segregation.
In the first count of the second amended petition, the petitioner alleges that he was denied effective assistance of counsel at his criminal trial. This count was withdrawn by the petitioner on December 17, 1997 during the course of the hearing. The second count of the petition alleges that "the removal of statutory good time for those placed in administrative segregation was in substance ex post facto and negated the reliability and predictability of existing statutes. Such action violated the concept of fundamental fairness." Petitioner's Second Amended Petition, November 6, 1997, page 5. In the third count the petitioner alleges that "the respondent failed to put the petitioner on notice prior to the petitioner's entering pleas that good time could be eliminated at his (Commissioner's) discretion for inmates on administrative segregation." Petitioner's Second Amended Petition, November 6, 1997, pages 5-6. Further the petitioner claims that this failure to notify him of this discretionary ability to change good time policies deprived him of the ability to rely on the statutory good time policy when making a knowing and voluntary plea of guilty.
It is important to note that the petitioner has not forfeited any previously earned good time credits. His claim is, in essence, that the change in the administrative directive prevented him from earning good time credits while in administrative segregation after July 6, 1994. The court finds that the holding in Abed v. Commissioner, 43 Conn. App. 176.cert. denied 239 Conn. 937 (1996) as decisive of the issues in this matter. In Abed the court clearly held that statutory good time credits under General Statutes § 18-7a (c) are discretionary. Id. at 180. "Because the petitioner has no liberty interest in unearned statutory good time credits, he has failed CT Page 231 to raise a legally cognizable claim upon which relief can be granted." Id. at 182. Since the subject matter jurisdiction of the habeas court is conferred by the legislature on the court by virtue of General Statutes § 52-466, this court can only grant relief on those matters that implicate deprivations of liberty or illegal confinement. As to the third count the petitioner alleges that the Commissioner of Correction had a constitutionally mandated obligation to give the petitioner notice of any discretionary right to change its policies with respect to good time credits for inmates in administrative segregation. Having determined that there is no liberty interest implicated in the denial of prospective earning of good time credits this count must also fail. See Vincenzo v. Warden,26 Conn. App. 132, 143-144 (1991). Thus, because the court lacks subject matter jurisdiction, the petition is dismissed.
Zarella, J.